[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON MOTION TO DISMISS
A motion to dismiss was filed by the defendant citing three separate basis for dismissal. The first ground was that the defendant was arrested without probable cause. The second ground was that the defendant was arrested without a search warrant; and CT Page 11347 the third ground was that evidence as a whole was insufficient to warrant continuation of prosecution of the defendant.
The facts in this case are as follows:
1. The defendant, Marc Pieger, after a trial to the Court was found guilty of the charge of evading responsibility in the operation of a motor vehicle in violation of the Connecticut General Statutes Section 14-224(a). During the hearing of this matter, the defendant raised in a motion to dismiss the lack of probable cause to arrest him without a warrant. The defendant claims that the police had only mere suspicion and not probable cause to arrest him.
The State produced evidence that Officer Feyk, a member of the Bridgeport Police Department for nine years, was called at his home at approximately 9 p.m. on March 29, 1992 and informed of a serious motor vehicle accident. He immediately responded to the scene. Upon his arrival, the victim pedestrian had already been taken by ambulance to the hospital. At the scene, however, were Bridgeport police officers, Michael Kranyak and Officer Delmonte. Officer Delmonte informed Officer Feyk that there had been a hit and run accident and that a young girl had been hit by a car going north on Noble Avenue; that the impact had thrown her forward; that the car that hit her swerved round the girl and then took a right hand turn and disappeared down either Locust or Palm Street.
The information given to Officer Feyk by Officer Delmonte was obtained from interviewing witnesses prior to 10 a.m. on 3-30-92. Officer Feyk then proceeded to take photographs of the accident scene. Some photographs were also taken the next morning. These photographs were admitted into evidence. Officer Feyk interviewed the driver and passenger of the ambulance that was at the scene and who were witnesses. Dawn Savino, who was the passenger in the ambulance saw a light colored full sized car, not sure of the make or model, strike the pedestrian. The operator of the ambulance, Michael Hern, indicated to the officer he saw a light colored car, full sized either a Ford or a Chevy, either a late seventy or early eighties vehicle and that it had what appeared to him to be like a Chevy Capri type back.
Officer Feyk also testified he received a communication from Detective Lambert[1] who indicated that he had received a phone call from one Marc Pieger in which Pieger admitted he had been CT Page 11348 the operator of a car that struck a girl and that he was going to turn himself into the police this afternoon possibly by two o'clock.
At the time the defendant Pieger showed up at the police station at approximately 2:00 p.m. with his attorney, Officer Feyk was aware there were several different descriptions as to the size or make of the vehicle involved in the hit and run accident. He, however, felt there was one central theme — it being that they were looking for a full-sized automobile.
Marc Pieger's automobile was a 1981 Oldsmobile Cutlass — a full-sized car. Together with the information he had received from brother police officers, an informant and his interviews with witnesses, Officer Feyk came to the conclusion that he had probable cause to arrest Pieger and did so.
The court finds that there was probable cause for the arrest and so denied the motion to dismiss.
McGrath, J.